*Exhibit F*

**COMMERCIAL PROMISSORY NOTE**
**RENEWAL**
Officer: A260002

Vintage Bank
1431 S. Midlothian Parkway
Midlothian, Texas 76065
(972)775-2207

| LOAN NUMBER | NOTE DATE | PRINCIPAL AMOUNT | MATURITY DATE | TRANSACTION KEY | OFFICER |
|---|---|---|---|---|---|
| 711352900 | March 26, 2015 | $275,766.45 | April 1, 2020 | 4556 | A260002 |

**LOAN PURPOSE:** RNWL - SHORT TERM WORKING CAPITAL

This note is a renewal and extension of the referenced loan(s).

| LOAN NUMBER | LOAN DATE | LOAN BALANCE |
|---|---|---|
| 711352900 | 01/01/2015 | $275,766.45 |

**BORROWER INFORMATION**

SOS EQUIPMENT LEASING LLC
1301 PARKER RD
GRAND PRAIRIE, TX 75050

**NOTE.** This Commercial Promissory Note will be referred to in this document as the "Note."
**LENDER.** "Lender" means Vintage Bank whose address is 1431 S. Midlothian Parkway, Midlothian, Texas 76065, its successors and assigns.
**BORROWER.** "Borrower" means each person or legal entity who signs this Note.
**PROMISE TO PAY.** For value received, receipt of which is hereby acknowledged, on or before the Maturity Date, the Borrower promises to pay the principal amount of Two Hundred Seventy-five Thousand Seven Hundred Sixty-six and 45/100 Dollars ($275,766.45) and all interest on the outstanding principal balance and any other charges, including service charges, to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. The Borrower will make all payments in lawful money of the United States of America.
**RENEWAL.** This Note is issued, not as a payment toward, but as a renewal and extension of, the obligations of Borrower to Lender pursuant to that certain Note dated January 1, 2015 in the principal amount of $275,766.45 (together with all prior amendments thereto or restatements thereof "Prior Note"). This Note shall not be construed as a novation or extinguishment of the unpaid balance due in the sum of $275,766.45.
**PAYMENT SCHEDULE.** This Note will be paid according to the following schedule: 59 consecutive payments of principal and interest in the amount of $5,315.71 beginning on May 1, 2015 and continuing on the same day of each month thereafter. This will be followed by 1 payment of principal and interest in the amount of $5,315.52 on April 1, 2020. The unpaid principal balance of this Note, together with all accrued interest and charges owing in connection therewith, shall be due and payable on the Maturity Date. All payments received by the Lender from the Borrower for application to this Note may be applied to the Borrower's obligations under this Note in such order as determined by the Lender.
**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on the date of this Note. The interest rate on this Note will be fixed at 5.750% per annum.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. If, however, from any circumstances, Borrower pays interest at a greater rate than the maximum allowed by law, the obligation to be fulfilled will be reduced to an amount computed at the highest rate of interest permissible under applicable law and if, for any reason whatsoever, Lender ever receives interest in an amount which would be deemed unlawful under applicable law, such interest shall be automatically applied to amounts owed, in Lender's sole discretion, or as otherwise allowed by applicable law. Interest on this Note is calculated on an **Actual/360** day basis. This calculation method results in a higher effective interest rate than the numeric interest rate stated in this Note. The unpaid balance of this loan after Maturity, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 18.000% per annum.
**LATE PAYMENT CHARGE.** If any required payment is more than 10 days late, then at Lender's option, Lender will assess a late payment charge of 5.000% of the amount of the regularly scheduled payment then past due, subject to a minimum charge of $5.00.
**PREPAYMENT PENALTY.** This Note may be prepaid, in full or in part, at any time, without penalty.
**SECURITY TO NOTE.** Security (the "Collateral") for this Note is granted pursuant to the following security document(s):

- Security Agreement dated March 26, 2015 evidencing security interest in ALL EQUIPMENT NOW OWNED OR HEREAFTER ACQUIRED I/N/O SOS EQUIPMENT LEASING, LLC, CROSS PLEDGED TO ALL DEBT IN THE NAME OF SOS EQUIPMENT LEASING, LLC; SIGNATURE CONTRACTING SERVICES, LLC; AND VAREKAI INVESTMENTS, LLC..

**GUARANTY.** In support of this transaction, a Guaranty dated March 26, 2015 has been executed by WILLIAM D PROPES; a Guaranty dated March 26, 2015 has been executed by COREY TOMPKINS; a Guaranty dated March 26, 2015 has been executed by MARSHA NEWBERRY; and a Guaranty dated March 26, 2015 has been executed by SIGNATURE CONTRACTING SERVICES,LLC.
**RIGHT OF SET-OFF.** To the extent permitted by law, Borrower agrees that Lender has the right to set-off any amount due and payable under this Note, whether matured or unmatured, against any amount owing by Lender to Borrower including any or all of Borrower's accounts with

   

Lender. This shall include all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. Such right of set-off may be exercised by Lender against Borrower or against any assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor of Borrower, or against anyone else claiming through or against Borrower or such assignee for the benefit of creditors, receiver, or execution, judgment or attachment creditor, notwithstanding the fact that such right of set-off has not been exercised by Lender prior to the making, filing or issuance or service upon Lender of, or of notice of, assignment for the benefit of creditors, appointment or application for the appointment of a receiver, or issuance of execution, subpoena or order or warrant. Lender will not be liable for the dishonor of any check when the dishonor occurs because Lender set-off a debt against Borrower's account. Borrower agrees to hold Lender harmless from any claim arising as a result of Lender exercising Lender's right to set-off.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, security agreements, mortgages, deeds of trust, deeds to secure debt, business loan agreements, construction loan agreements, resolutions, guaranties, environmental agreements, subordination agreements, assignments and any other documents or agreements executed in connection with this Note whether now or hereafter existing, including any modifications, extensions, substitutions or renewals of any of the foregoing. The Related Documents are hereby made a part of this Note by reference thereto, with the same force and effect as if fully set forth herein.

**DEFAULT.** Upon the occurrence of any one of the following events (each, an "Event of Default" or "default" or "event of default"), Lender's obligations, if any, to make any advances will, at Lender's option, immediately terminate and Lender, at its option, may declare all indebtedness of Borrower to Lender under this Note immediately due and payable without further notice of any kind notwithstanding anything to the contrary in this Note or any other agreement: (a) Borrower's failure to make any payment on time or in the amount due; (b) any default by Borrower under the terms of this Note or any other Related Documents executed in connection with this Note; (c) any default by Borrower under the terms of any Related Documents in favor of Lender; (d) the death, dissolution, or termination of existence of Borrower or any guarantor; (e) Borrower is not paying Borrower's debts as such debts become due; (f) the commencement of any proceeding under bankruptcy or insolvency laws by or against Borrower or any guarantor or the appointment of a receiver; (g) any default under the terms of any other indebtedness of Borrower to any other creditor; (h) any writ of attachment, garnishment, execution, tax lien or similar instrument is issued against any collateral securing the loan, if any, or any of Borrower's property or any judgment is entered against Borrower or any guarantor; (i) any part of Borrower's business is sold to or merged with any other business, individual, or entity; (j) any representation or warranty made by Borrower to Lender in any of the Related Documents or any financial statement delivered to Lender proves to have been false in any material respect as of the time when made or given; (k) if any guarantor, or any other party to any Related Documents in favor of Lender entered into or delivered in connection with this Note terminates, attempts to terminate or defaults under any such Related Documents; (l) Lender has deemed itself insecure or there has been a material adverse change of condition of the financial prospects of Borrower or any collateral securing the obligations owing to Lender by Borrower. Upon the occurrence of an event of default, Lender may pursue any remedy available under any Related Document, at law or in equity.

**GENERAL WAIVERS.** To the extent permitted by law, the Borrower severally waives any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and severally bound.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Note is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Note without invalidating the remainder of either the affected provision or this Note.

**SURVIVAL.** The rights and privileges of the Lender hereunder shall inure to the benefits of its successors and assigns, and this Note shall be binding on all heirs, executors, administrators, assigns and successors of Borrower.

**ASSIGNABILITY.** Lender may assign, pledge or otherwise transfer this Note or any of its rights and powers under this Note without notice, with all or any of the obligations owing to Lender by Borrower, and in such event the assignee shall have the same rights as if originally named herein in place of Lender. Borrower may not assign this Note or any benefit accruing to it hereunder without the express written consent of the Lender.

**GOVERNING LAW.** This Note is governed by the laws of the state of Texas except to the extent that federal law controls.

**HEADING AND GENDER.** The headings preceding text in this Note are for general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading. All words used in this Note shall be construed to be of such gender or number as the circumstances require.

**ATTORNEYS' FEES AND OTHER COSTS.** Borrower agrees to pay all of Lender's costs and expenses in connection with the enforcement of this Note including, without limitation, reasonable attorneys' fees, to the extent permitted by law.

**RATIFICATION AND CONTINUED VALIDITY.** Except for the terms expressly modified by this Note, the undersigned Borrowers hereby acknowledge they are still bound by the terms of the instruments and prior modifications, extensions and supplements evidencing the existing debt as if they were fully set forth and repeated in this Note and that those terms will continue to bind the Borrowers as provided in this Note and those instruments. Consent to this Note does not waive the right to strictly enforce any rights under this Note or the instruments evidencing the existing debt. Consent to this Note does not require the Borrowers to enter into another Note like this one in the future. The Borrowers and Lender agree that this Note shall not be construed as a novation or extinguishment of the existing debt, but a restatement of the existing debt with modifications.





By signing this Note, Borrower acknowledges reading, understanding, and agreeing to all its provisions and receipt hereof.

SOS EQUIPMENT LEASING LLC

By: COREY TOMPKINS  Date
Its: MANAGER

By: WILLIAM D PROPES  Date
Its: MANAGER



